# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:19-cv-00023-MR

| | | |
|---|---|---|
| **DANIEL WAYNE BURNETTE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ERIK A. HOOKS, Secretary,** | ) | |
| **N.C. Dept. of Public Safety,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment [Doc. 5] regarding Petitioner's *pro se* Petition for Writ of Habeas Corpus [Doc. 1] pursuant to 28 U.S.C. § 2254.

## I.    PROCEDURAL HISTORY

Petitioner Daniel Wayne Burnette is a prisoner of the State of North Carolina.  [Doc. 6 at 1].  On January 19, 2017, a jury trial was held in the Superior Court of Lincoln County, with Judge Jeffrey P. Hunt presiding.  [Id.] Petitioner was represented at trial by attorney David M. Black.

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

On 7 April 2015, Detective Adam Hicks ("Detective Hicks") of the Randolph County Sheriff's Office was browsing for-sale advertisements online in search of property crimes. On a site that advertised guns for sale, Detective Hicks saw two Browning 12–gauge shotguns for sale in a post originating from defendant's Facebook site. Using personal information obtained from defendant's Facebook site, Detective Hicks conducted a criminal records search and learned that defendant was previously convicted of a felony offense. Detective Hicks contacted Detective Frank Runyon ("Detective Runyon") of the Lincoln County Sheriff's Office, who asked Detective Hicks to arrange to buy the guns from defendant. After Detective Hicks sent Facebook messages inquiring about the guns and expressing interest in purchasing them, defendant's profile messaged a phone number to call. Detective Hicks called the phone number and arranged a meeting in a parking lot in Lincoln County.

After Detective Hicks arranged the meeting, Detective Runyon went to the location at the agreed-upon time. When Detective Runyon drove past a blue truck fitting the description of defendant's truck, he observed defendant in the driver's seat and a female in the passenger's seat. Detective Runyon parked behind the truck and activated his blue lights, then got out of his vehicle and ordered the occupants out of the truck. On the back seat in the truck cab were two Browning semi-automatic shotguns. The guns were seized and defendant was placed under arrest.

On 9 May 2016, defendant was indicted for possession of a firearm by a felon. The indictment listed "TWO BROWNING SEMI-AUTOMATIC SHOTGUNS" as the firearms under defendant's possession. On 14 March 2016, defendant was also indicted for attaining habitual felon status.

2

State v. Burnette, No. COA17-847, 2018 WL 3029026, at *1 (N.C. Ct. App. June 19, 2018).  The jury convicted Petitioner of possession of a firearm by a felon and of attaining habitual felon status.  Id.  Petitioner was subsequently sentenced to 127-165 months in prison.  Id.

Petitioner, represented by Ms. Charlotte Gail Blake, appealed his conviction to the North Carolina Court of Appeals, arguing the trial court committed reversible error in its jury instructions.  The appellate court issued an unpublished opinion finding no error on June 19, 2018. Id.  Thereafter, Petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Superior Court of Lincoln County on December 18, 2018.  That MAR was summarily denied by Judge Forest Donald Bridges on December 27, 2018. [Doc. 6 at 1-2].  Petitioner then filed a *pro se* certiorari motion in the North Carolina Court of Appeals, which was denied on February 19, 2019.  [Id. at 2].

On March 6, 2019, Petitioner filed his *pro se* federal habeas petition in this Court. [Doc. 1]. Respondent filed the instant Motion for Summary Judgment on December 9, 2019, [Doc. 5], and the Court issued a Roseboro notice on December 13, 2019, advising Petitioner of his right to respond to the Motion [Doc. 7].  Petitioner moved for an extension of time to file his response, [Doc. 8], which the Court granted in part to extend Petitioner's deadline to respond to February 12, 2020.  [Doc. 9].  Petitioner, however,

has failed to file any response.  Accordingly, Respondent's Motion is ripe for review.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(c)(2); see also United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  Thus, to withstand a motion for summary judgment, the non-moving party must proffer competent evidence sufficient to reveal the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246-47 (1986).

In determining whether a "genuine issue of material fact" exists, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Erwin v. United States, 591 F.3d 313, 327 (4th Cir. 2008).  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  Anderson, 477 U.S. at 247-48.  Rather, "only disputes over facts that might affect the outcome of

4

the suit under the governing law will properly preclude summary judgment." Thompson v. Carlisle, 2010 WL 382044, at *1 (4th Cir. Feb. 3, 2010). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). The habeas statute at 28 U.S.C. § 2254 articulates that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. Wilson v. Corcoran, 562 U.S. 1, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law.").

The AEDPA, 28 U.S.C. § 2254(d), limits the federal court's power to grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses contained in § 2254(d)(1) are to be given independent meaning—in other words, a petitioner may be entitled to habeas corpus relief if the state court adjudication was either contrary to or an unreasonable application of clearly established federal law. This standard is intentionally "difficult to meet." White v. Woodall, 572 U.S. 415, 419 (2014) (internal quote and citation omitted). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of th[e Supreme] Court's decisions.'" Id. (quoting Howes v. Fields, 565 U.S. 499, 505 (2012)) (internal quote and citation omitted) (first alteration in original).

A state court decision can be "contrary to" clearly established federal law in two ways: (1) "if the state court arrives at a conclusion opposite to that

6

reached by [the Supreme Court] on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000) (plurality opinion). "And an 'unreasonable application of' [clearly established Federal law] must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 572 U.S. at 419 (quoting Lockyer v. Andrade, 538 U.S. 63, 75–76 (2003)). "Rather, '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Woodall, 572 U.S. at 419-20 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

## III. DISCUSSION

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901

F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). With these principles in mind, the Court turns to Petitioner's grounds for relief.

## A.        Ineffective Assistance of Counsel Claims

Petitioner's first and third grounds for relief state claims of ineffective assistance of counsel. Petitioner claims that the advice provided by trial counsel was deficient, having been informed "that the most time I would receive by going to trial, if found guilty would be 5 years minimum to 7 years maximum. I relied on this information in my decision to go to trial." [Doc. 1-1 at 2]. Petitioner received a sentence of imprisonment of 127 to 165 months.

In Strickland v. Washington, the Supreme Court identified two necessary components of an ineffective assistance claim. 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id.

8

When assessing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

"[W]hen a petitioner's habeas corpus claim is based on alleged ineffective assistance of counsel .... [t]he AEDPA standard and the Strickland standard are dual and overlapping, and [the court] appl[ies] the two standards simultaneously rather than sequentially." Lee v. Clarke, 781 F.3d 114, 123 (4th Cir. 2015), as amended (Apr. 15, 2015) (quoting Richardson v. Branker, 668 F.3d 128, 139 (4th Cir. 2012)) (internal quotation marks omitted). Because both standards of review are "'highly deferential' to the state court's adjudication ..., 'when the two apply in tandem, the review is doubly so.'" Id. (quoting Richardson, 688 F.3d at 139).

Applying these dual standards of review to Petitioner's ineffective assistance of counsel claims, the Court first looks to Judge Bridges' Order

9

addressing the merits of this claim in denying Petitioner's MAR.  [Doc. 6-7 at

3].  Judge Bridges explained:

> With regard to allegations concerning the advice of counsel relating to the plea offer and possible sentence if convicted, this court takes judicial notice of the fact that Local Rules within the 27B Judicial District and local practice pertaining thereto require that every case be addressed at least twice during Criminal Administrative Sessions of Court, once at a "Conference" setting and later at an "Arraignment" setting. Through locally required process, every Defendant is advised of his right to accept or reject any plea offer from the State, his right to a jury trial, and the range of possible outcomes, including the sentence to be entered upon a guilty plea and the possible range of sentences if convicted before a jury. Through this locally required process, the Defendant was fully advised of his right to a jury trial, as well as the possible risks associated therewith.

[Id.].  Petitioner is unable to establish prejudice sufficient to state a claim for

ineffective assistance of counsel.  Petitioner asserts that the ineffective

assistance consisted of erroneous advice regarding the potential penalties

Petitioner faced if he proceeded to trial.  Even assuming Petitioner's

allegations to be true, however, Petitioner was not prejudiced by such advice

because the state court thoroughly informed him of the potential outcomes

of accepting a plea deal or proceeding to trial.  Regardless of whether

counsel's performance was deficient, the second prong of the Strickland

analysis is not met here because Petitioner is unable to show that deficient

performance prejudiced the defense when Petitioner was advised of his rights and the risks associated with proceeding to trial. Strickland, 466 U.S. at 687. The Court also finds no merit on federal habeas review using the high standard of deference in § 2254(d) to the state court's resolution of Petitioner's ineffective assistance claims. Consequently, grounds one and three fail to state a claim and are denied.

### B.    Sufficiency of the Evidence Claim

The applicable standard for claims of insufficient evidence on federal habeas review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Wright v. West, 505 U.S. 277, 284 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). Insufficient evidence claims necessarily implicate federal due process considerations. See id. Accordingly, a federal habeas court reviews the sufficiency of the evidence only to the extent necessary to determine if the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law as discussed above. 28 U.S.C. § 2254(d).

Petitioner's claim regarding the sufficiency of the evidence supporting his firearms convictions was addressed on appeal and, like grounds one and

three above, was summarily denied in the MAR.  The supporting facts presented in the Petition state: "I never possessed any gun, and available evidence that was not submitted by defense counsel would corroborate my testimony."  [Doc. 1 at 7].  Judge Bridges reiterated the North Carolina Court of Appeals' discussion of Petitioner's claims about constructive possession, which noted Petitioner "does not contest the fact that evidence was introduced showing that the guns were found in a vehicle and that defendant exercised control over that vehicle . . . [P]ower to control the automobile where [contraband] was found is sufficient, in and of itself, to give rise to the inference of knowledge and possession sufficient to go to the jury. . . ." Burnette, 2018 WL 3029026, at *2 (citing State v. Best, 713 S.E.2d 556, 562 (N.C. App. 2011)); [Doc. 6-7 at 3].

Petitioner's challenge to the possession element of his conviction for possession of firearm by a felon has been addressed twice on the merits by North Carolina courts.  The state courts' application of North Carolina law to Petitioner's case does not implicate or conflict with clearly established federal law and accordingly fails to state a claim on federal habeas review. The Court therefore denies habeas relief for ground two of the petition.

12

## IV.    CONCLUSION

For the foregoing reasons, Respondent's Motion for Summary Judgment is granted, and the Petition for Writ of Habeas Corpus is denied.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the petition states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Respondents' Motion for Summary Judgment [Doc. 5] is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 3, 2020

Martin Reidinger
Chief United States District Judge